**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
─────────────────────────────────

HENRY COX,

                                    Plaintiff,                    1:23-CV-0060
                    v.                                           (MAD/CFH)

NEW YORK STATE; UNITED STATES
OF AMERICA,

                                    Defendants.

─────────────────────────────────

**APPEARANCES:**

Henry Cox
08-B-1418
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff pro se

**REPORT-RECOMMENDATION & ORDER**

Plaintiff pro se Henry Cox purported to commence this action on January 17,

2023, with the filing of a complaint.  See Dkt. No. 1.  As plaintiff failed to pay this Court's

filing fee or submit a complete application for leave to proceed in forma pauperis ("IFP"),

the Court issued an order directing administrative closure with opportunity to comply

with the filing fee requirement.  See Dkt. No. 5. On February 1, 2023, plaintiff submitted

a motion to proceed in forma pauperis.  See Dkt. Nos. 6, 7.  That day, the Clerk was

directed to reopen this action and restore it to the Court's active docket.  See Dkt. No. 8.

Presently before the Court is review of plaintiff's IFP application.  See Dkt. Nos. 6, 7.

I. **IFP Application**

After review of plaintiff's renewed IFP application, the Court concludes that he financially qualifies to proceed without prepayment of this Court's filing fee.[1]  Plaintiff is advised that IFP status does not include other fees or costs that may be associated with this litigation, including, but not limited to, copying fees, transcription fees, and witness fees.  As plaintiff has been granted IFP status, the Court proceeds to review of his complaint pursuant to 28 U.S.C. § 1915(e).

## II. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (explaining that section 1915A applies to all actions brought by prisoners against government officials ); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir.

---

[1]  Plaintiff is reminded that he will be required to pay this Court's $350 filing fee for incarcerated plaintiffs through installment payments through his inmate account.  Plaintiff is required to pay this filing fee regardless of the outcome of this action.  See 28 U.S.C. § 1915(b); Goins v. DeCaro, 241 F.3d 260, 262 (2d Cir. 2001).

2007) (stating that both sections 1915 and 1915A are available to evaluate pro se prisoner complaints).

It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where a plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

3

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, <u>Ruotolo v. IRS</u>, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." <u>Kastner v. Tri State Eye</u>, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[2]  Pleading guidelines are set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>See</u> FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." <u>Id.</u> at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

---

[2]  Copies of all unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff pro se.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted).  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.  Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second

Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III.  **Complaint**

Plaintiff seeks to sue the State of New York, "in full capacity," and the United States of America, "Federal Agencies." Dkt. No. 1 ("Compl."). Plaintiff states, generally, that his case is based upon the "mass incarceration" of minorities in the United States. See id. He says the "(PRS) sentencing, the sentencing, and the treatment thereof between white and Black people are Boas and racist denying due process rights of Blacks and subjects them to cruel and unusual punishment revolving around the 8th amendment." Id. Plaintiff states that "African-Americans (Black people) are incarcerated 5x more than [sic] their white counterpart [sic]." Id. at 3. Plaintiff avers that there are "a number of problem's [sic] centered around the above problems that lead to Constitutional violations and should be reviewed and dealt with (addressed)." Id. Plaintiff states that the "[r]easons for the overflow of drugs and guns in the inner city is on the shoulders of our government (contra- Vietnam war)." Id. Plaintiff contends that these "drugs and guns was [sic] used to take money out [sic] the inner-city and use it to support the war" which "caused destruction and actions of violence and dug use that lead [sic] to incarceration." Id. Plaintiff contends that this "target of the inner city reflect

[sic] the number of Black people targeted and locked up or killed by these actions of government officials."  Id.

Plaintiff further blames unspecified "Government Officials" for "money being cut from inner-city schools all over the United States and here in New York State" every year.  See Compl. at 4.  Plaintiff asserts that there "was a Bill introduced by the above mentioned ["David Weprin in Assembly"] in the beginning so they know that the problem existed yet they keep the sentencing and don't change nothing [sic] about it and know its disappropreating [sic] black people, and at the same time destroying the inner city." Id.  Plaintiff contends that "[t]his is unconstitutional as Government Officials have a [sic] obligation to/with absolute duties to uphold justice and serve and protect the people fair and equal in the eyes of the law; the 14th Amendment (due process) protects that; the 5th amendment (due process) protects that, the 8th amendment (due process & crule [sic] and unusual punishement [sic] protects that."  Id.  Plaintiff proposes, the "13th amendment shall be revisited."  Id. at 4.

Plaintiff states that "[b]ecause of the above I been [sic] lost in the system since 11 years old and subjected to drug abuse and disappropreation [sic] of a Black household and in these same institutions for children all the way to an adult I been in these institutions from 11 to 34 years old for 19 ½ years, 18 1/12 years.  It's almost like you cant [sic] get out once your [sic] in the grips of this system."  Compl. at 5.   Plaintiff states, "[w]hen is the United State [sic] government agencies and the States (New York State) gona [sic] take responsibility and clean up there [sic] mess and fix the enviorment [sic] they help destroy and continue to destroy to this day."  Id.  Plaintiff states he "lived through deaths and gun violence and drugs that you are responsible for."  Id.

Plaintiff argues the "FRCAs [sovereign immunity] waiver applies only to the federal government and not to agencies within the Federal Government." Compl. at 5. He further states that sovereign immunity "shouldn't exist when there is a clear violation of the Constitution for then what would be the reason for 'Law' or the 'Unite [sic] States of America. This [illegible] gives way to abuse of power by government agencies." Compl. at 5. Plaintiff provides, "[y]our courts state: failure to state a claim upon which relief can be granted; All claims herein are stated with enough facts and address to what relief can be granted so as to there is no way this motion should be denied." Id. at 6.

Among those responsible for plaintiff's above complaints are "government agencies (FBI, CIA- Counterintel Program and 'War on Drugs with Contra & Vietnam War), the Judges sentencing Blacks and Whites, the Aid or lack thereof of the Gov. Budget toward Black; (People of Color) and Schooling and DOCCS." Compl. at 6. "The addressing [sic] officers and targeting Blacks not only with skin color in mind but with aggression and violence, and then the Immunity Clauses in these government agencies playing a high role in accountability or lack there of [sic]." Id. Plaintiff states, "[a]ll of which is in the body of this argument and needs to be addressed by these courts and I seek relief under this act after being subjected to all of the above for 34 years for having my constitutional rights state and federal violated (5th amendment due process, 14th amendment due process, 8th amendment due process and cruel and unusual punishment, and the unconstitutional adoption of the 13th amendment, and by your dinial [sic] of the courts as it pertains to these issues silencing the voice of reason and change violating my 1st amendment." Id.

Plaintiff also challenges the constitutionality of post-release supervision, apparently as it relates to the length of post-release supervision sentences for those who have been convicted of rape when compared to other crimes.  See Compl. at 8. He states that post-release supervision "not only has cost us money but taken us outside our sentencing and going over the max with said supervision, this action the courts has already ruled on" but "what was not argued is the bias and discrimination within the post release supervision guidelines" specific to "a program set for rapist [sic] and people in jail for rape to supervise them for long period after their sentence."  Id. Plaintiff states that the "bias is that the other crimes that fall under this post-release supervision act that don't have a thought process around it.  It's just throw away the key and if they find it then post release supervision."  Id. at 8.  Plaintiff then appears to contend that people who have been convicted of rape are given greater opportunities for release when compared with people who have been convicted of different crimes. See id. at 9.  Plaintiff believes that "something is wrong with that picture and it begins with sentencing and prison reform."  Id.  Plaintiff appears to suggest that the difficulties, bias, and discrimination that people of color face should be a consideration for sentencing and post-release supervision.  See id.

Plaintiff states, "[t]o give someone a max time allowed under the sentencing guidelines in NYS and then PRS on top of that means 5 years past the max (if you violate you could add more time on top of the max) with that and the above actions it shows Constitutional violation under the 14th amendment and 8th amendment."  See Compl. at 5.  Plaintiff notes that his case "could be a potential class action lawsuit."  Id.

For plaintiff's first cause of action, he states

9

> To stop discriminating against Black people dealing with post release supervision sentencing with bias as apose [sic] to their white counter part [sic].  This is a violation to the Constitutional rights of Black people doing time in prison or who committe [sic] a crime.  They are not being treated fair and/or equal.

Compl. at 13.  For his second cause of action, plaintiff lists

> the fair use of post-release supervision, dealing with rape & vilent [sic] crimes.  (PRS) was used for rapist not vilent [sic] crimes and is aplied [sic] diffrent [sic] favouring [sic] rape.  Rape is a mental illness, the vilent [sic] crimes being committed is environmental making it a [sic] easyer [sic] fix[.]  The sentencing should reflect that.  [I]t violates Due Process.

Id.

> For his third cause of action, plaintiff states
>
> [T]he due process of aplying [sic] (PRS) to determind [sic] sentencing as vilent [sic] crimes.  There is a max time allowed under the sentencing guidelines and (PRS) can take you pass [sic] that max time (up to 5 years pass [sic] that max time).  That person [sic] due process is violated when the time go pass [sic] the max with the (PRS) comes from Rape cases where PRS is ran with the sentencing just so it dont [sic] violate the sentencing guidelines.

Compl. at 13.  For his fourth cause of action, plaintiff states

> Revisiting the 13th amendment provisions that opened the door for Jim Crow ie mass incarceration of black people (people of color) making it unconstitutional why the build white cities off the bodies of people of color after being responsible for why they being locked up.  This is targeting.  So I ask targeting be stopped [sic] as well.

Id. at 14.  Lastly, plaintiff's fifth cause of action states

> Mass incarcerating in the State of New York and the United States of America (federal agencies) violation of the rights and targeting Blacks (people of color (Latino) other)) violation of the Constitution to not being subjected to disappropreation [sic] and disregaurd [sic] of Black rights and life be stopped and people caught up in that violent Drug wave caused by the Government and sentenced be compensate [sic] suffered. myself included[.]

Id.  Plaintiff seeks $500 million in compensatory damages and $500 million in punitive

damages.  See Compl. at 14.

IV. **Analysis**

To the extent it can be determined, plaintiff appears to claim that his arrest, prosecution, incarceration, and sentence – and the arrests, prosecutions, incarcerations, and sentences of people of color in general – violate his First, Fifth, Eighth, and Fourteenth Amendment rights.  See Compl. at 5.  Although not explicitly stated as such, plaintiff also appears to seek to raise equal protection claims,[3] contending that people of color are being treated differently than similarly-situated white people insofar as people of color are being arrested and incarcerated at either higher rates than white people who have committed the same crimes.  See generally Compl. Next, plaintiff appears to challenge the constitutionality of post-release supervision, generally, because post-release supervision could "extend a sentence" beyond the maximum allowable sentence for that crime.  Plaintiff also appears to argue that post-release supervision is warranted and constitutional for those who have committed rape, but for those who have committed other crimes, it is unconstitutional.  Next, plaintiff asks the Court to "revisit" the Thirteenth Amendment as suggests that people of color, generally, are being "targeted" and incarcerated, apparently in violation of the Thirteenth Amendment's prohibition against slavery or involuntary servitude. See Compl. at 4.

---

[3] Plaintiff also makes similar allegations of "bias" in sentencing between people convicted of rape versus people convicted of other crimes.  See Compl. at 8.  However, plaintiff has failed to show that those who have been convicted of rapes and sentenced to periods of post-release supervision "similarly-situated" to persons who have been convicted of other (unspecified) crimes who have been sentenced to longer periods of post-release supervision or that there is no "rational basis" for the differential treatment.  "The Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike.'"  Bill & Ted's Riviera, Inc. v. Cuomo, 494 F. Supp. 3d 238, 245 (N.D.N.Y. 2020) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted)).  As plaintiff does not, with respect to this argument, claim that he is a member of a constitutionally-protected class, he may only bring "'an equal protection claim pursuant to one of two theories: (1) selective enforcement, or (2) "class of one."'"  Bill & Ted's Riviera, Inc., 494 F. Supp. 3d at 246 (quoting AYDM Assoc., LLC v. Town of Pamelia, 205 F. Supp.3d 252, 265 (N.D.N.Y. 2016)).

As a threshold issue, to the extent plaintiff purports to claim that he brings this case on behalf of himself or others similarly situated or will seek certification of this case as a class action in the future, see compl. at 5, is well-settled law that a class action cannot be maintained by a pro se litigant because a non-attorney cannot represent someone other than themselves.  See, e.g., Miller v. Zerillo, No. 07-CV-1719, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice should an attorney appear in the case); see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); 28 U.S.C.§ 1654.  Moreover, to the extent plaintiff's comment can be interpreted as a request for class certification, in addition to failing because plaintiff cannot proceed on a class action pro se, such a request is also denied because it was not made through a proper motion and does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Thus, to the extent plaintiff's complaint seeks to allege that any wrongs were imposed on any persons other than himself, because he cannot proceed as a class action at this time, such claims will be interpreted only insofar as they impact plaintiff, individually. Accordingly, to the extent plaintiff's complaint can be read as seeking class certification, it is recommended that the request be denied.

On the merits, there are several bars to plaintiff's complaint, many of them fatal. First, because plaintiff seeks to sue the United States and/or its agencies, these claims are barred by sovereign immunity.  Although plaintiff argues that federal agencies are not protected from suit by sovereign immunity, citing the Federal Torts Claims Act ("FCTA"), plaintiff misunderstands the law.  See Compl. at 5.

"To begin with, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, *including suits against federal agencies*, unless sovereign immunity has been waived." Rochelle Marettta-Brooks, et al. Plaintiff, v. Comm'r of Soc. Sec., et. al. Defendants, No. 5:22-CV-1261 (BKS/ML), 2023 WL 2655195, at *5 (N.D.N.Y. Mar. 27, 2023) (emphasis added) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) ("'Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.'"); see also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988) (holding that sovereign immunity "shields the [United States] and its agencies from suit[.]").  In addition, plaintiff carries the burden of demonstrating that sovereign immunity has been waived. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiff does not mention Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971),[4] but to the extent he names the United States as a defendant and appears to also seek to name the FBI and CIA, Compl. at 6, he would only be able to proceed under Bivens if he were to name specific federal officers.  See Sereika v. Patel, 411 F. Supp. 2d 397, 402 (S.D.N.Y. 2006) (citing Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (noting that the United States cannot be sued under Bivens because a claim against a federal agency "is essentially a suit against the United States, and Bivens actions against the United States are barred under the doctrine of

---

[4] In Bivens, the Supreme Court of the United States "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).

sovereign immunity.").  "[T]o state a Bivens claim, a plaintiff must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority and must allege that the individual defendant was personally involved in the constitutional violation." O'Donoghue v. United States Soc. Sec. Admin., 828 F. App'x 784, 787 (2d Cir. 2020) (summary order). Claims can only be brought against federal agents in their individual capacities for actions taken while the employee was acting under the color of federal law and may only seek monetary damages.  See, e.g., Rivera v. Fed. Bureau of Investigation, No. 5:16-CV-00997 (NAM/TWD), 2016 WL 6081435, at *4 (N.D.N.Y. Sept. 13, 2016), report and recommendation adopted, No. 5:16-CV-00997 (NAM/TWD), 2016 WL 6072392 (N.D.N.Y. Oct. 17, 2016) ("'The only remedy available in a Bivens action is an award of monetary damages from defendants in their individual capacities.' . . . . Since a court may award only money damages on a Bivens claim, claims for injunctive relief are unavailable.") (quoting Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) and citing Kurzberg v. Ashcroft, 619 F.3d 176, 179 n.2 (2d Cir. 2010)).   Further, "[a] plaintiff in a Bivens action must allege facts indicating that the defendant was personally involved in the claimed constitutional violation." Vazquez v. Astrue, No. 5:18-CV-1492 (DNH/ATB), 2019 WL 4686440, at *5 (N.D.N.Y. Sept. 26, 2019), report and recommendation adopted, No. 5:18-CV-1492 (DNH/ATB), 2019 WL 6914775 (N.D.N.Y. Dec. 19, 2019) (citing Alharbi v. Miller, 368 F. Supp. 3d 527, 564 (E.D.N.Y. 2019) and Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009)).  Further, a plaintiff must show that "there is no alternative way in which the plaintiff can seek relief for the violation of the plaintiff's constitutional right." Moore v. U.S. Postal Service, No. 01-CV-1609, 2005 WL 165386, at *11 (N.D.N.Y. Jan. 13, 2005).

14

To the extent plaintiff seeks to sue the United States or federal agencies for for violations of his constitutional rights, regardless of the form of relief requested, plaintiff cannot proceed under <u>Bivens</u>.  <u>See</u>, <u>e.g.</u>, <u>Perez v. Hawk</u>, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004) ("[T]he United States is immune from constitutional tort claims against the United States, its agencies, or federal employees sued in their official capacities."); <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

Further, even if plaintiff had properly named individual federal officers as defendants – which he has not – very few constitutional claims can proceed under <u>Bivens</u>.  The Supreme Court has held that <u>Bivens</u> allows claims with respect to two[5] additional and specific constitutional claims: pursuant to the Fifth Amendment relating to sex discrimination in employment and the Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment to a federal prisoner.  <u>See</u> <u>Wiley v. Fernandez</u>, 9:10-CV-652 (GTS/CFH), 2021 WL 6550821, at *4 (citing <u>Davis v. Passman</u>, 442 U.S. 228 (1979); <u>Carlson v. Green</u>, 446 U.S. 14 (1980)). Indeed, in <u>Ziglar v. Abbasi</u>, 582 U.S. 120, 137 S.Ct. 1843, 1857 (2017), the Supreme Court of the United States "urged lower courts to exercise restraint in creating implied causes of action against federal officials to enforce constitutional rights in new contexts, and went so far as to clarify that '"expanding the Bivens remedy is now a 'disfavored' judicial activity."' <u>Wilson v. Bolt</u>, 9:18-CV-416 (DNH/TWD), 2019 WL 5197335, at *5 (N.D.N.Y. May 28, 2019) (quoting <u>Ziglar</u>, 137 S.Ct. at 1857) (additional citation omitted).

---

[5] <u>Bivens</u> itself recognized that "a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim."  <u>Hernandez v. Mesa</u>, 206 L. Ed. 2d 29, 140 S. Ct. 735, 741 (2020)

To the extent plaintiff cites the First Amendment and may be seeking to bring a claim for monetary damages pursuant to Bivens, even if plaintiff had properly named a federal agent in his or her individual capacity,[6] such a claim must be dismissed with prejudice as the Supreme Court of the United States recently confirmed, "there is no Biven's action for First Amendment retaliation."  Egbert v. Boule, 213 L. Ed. 2d 54, 142 S. Ct. 1793, 1807 (2022).

Next, although plaintiff cites the Fifth and Eighth Amendments in passing, he fails to set forth any specifics explaining how any federal agents violated his Fifth or Eighth Amendment rights.  See Compl. at 6.  Thus, even while Bivens has been extended in limited contexts to claims for Fifth or Eighth Amendment violations – sex discrimination in employment and medical indifference with respect to a federal prisoner – plaintiff does not set forth any allegations that fit within these narrow expansions of Bivens and the allegations within his case – concerning racial bias relating to his arrest, prosecution, incarceration, and sentencing – are wholly unrelated to these narrow constitutional claims found by the Supreme Court to be allowed under Bivens.[7]    In sum, to the extent plaintiff seeks to bring claims for monetary damages or for injunctive relief for violations of his First, Fifth, or Eighth Amendment rights against United States, any federal agencies, or any federal employees under Bivens, it is recommended that such claims be dismissed with prejudice.  In addition to dismissal on the merits, the

---

[6]  As with his other claims, plaintiff's First Amendment claim also would fail under Bivens because plaintiff cannot proceed against the United States or its agencies, but has not identified the specific federal agents that plaintiff alleges to have been personally involved in violating his First Amendment rights. Additionally, despite conclusorily claiming that his First Amendment rights were violated, plaintiff sets forth no facts to support a First Amendment violation.

[7] Further, plaintiff has made only generalized and vague allegations and has failed to set forth facts to support a claim that a specific federal employee(s) deprived him of his federal or constitutional rights while acting under the color of federal authority.  See O'Donoghue, 828 F. App'x at 787.

Court notes that it would appear that any <u>Bivens</u> claims would also be barred by Heck unless and until plaintiff could satisfy Heck's conditions.[8]

Despite the United States' general sovereign immunity from suit,

> The Federal Tort Claims Act . . . provides a limited waiver of sovereign immunity that allows the United States to be sued for certain torts as if it had been a private party. The FTCA's "remedy against the United States" for damages "arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding against the employee." 28 U.S.C. § 2679(b)(1).

<u>Xiang Li v. Duncan</u>, No. 5:12-CV-1427 (LEK/DEP), 2013 WL 4483078, at *2 (N.D.N.Y. Aug. 20, 2013) (internal citation omitted).  However, the FTCA "bars suits against federal agencies, such as the Department of Justice, which includes the USAO, and provides an exclusive remedy against the United States."  <u>Id.</u> (citing 28 U.S.C. § 2679(a)).

Here, although plaintiff makes a passing reference to the FTCA, his complaint is lacking any facts that support a claim based on the FTCA.  <u>See</u>, <u>e.g.</u>, <u>Lepre v. New York State Ins. Fund</u>, No. 1:13-CV-0926 (GTS/CFH), 2014 WL 4093658, at *6 (N.D.N.Y. Aug. 18, 2014) (noting that the FTCA waives sovereign immunity from torts committed by federal employees acting within the scope of their employment, including "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights [.]" ) (quoting 28 U.S.C. §§ 2680(h)).  He does not state what claims he seeks to bring pursuant to the FTCA.  Insofar as plaintiff may be seeking to raise his

---

[8]  As the undersigned recommends dismissal on the merits with prejudice, dismissal without prejudice is not warranted on the basis of <u>Heck</u> because even if plaintiff were to overcome the <u>Heck</u> bar in the future, his <u>Bivens</u> claims would still be meritless.

constitutional claims pursuant to the FTCA, such claims must be dismissed because, "although the FTCA waived the United States' sovereign immunity as to certain claims, it does not waive immunity for claims of constitutional violations." Rivera v. US N. Dist. Ct. Albany, No. 1"21-CV-995 (MAD/DJS), 2022 WL 17985924, at *1 (N.D.N.Y. Dec. 28, 2022) (affirming Report-Recommendation of the Magistrate Judge by holding that constitutional claims are subject to dismissal because the FTCA does not waive the United States' sovereign immunity as to claims asserting constitutional violations.") (citing F.D.I.C. v. Meyer, 510 U.S. 471 (1994)).

Furthermore, even if plaintiff had set forth claims that would properly fall under the FTCA, he has not shown that he has exhausted his administrative remedies.

> Section 2675(a) of the FTCA states that an FTCA action "shall not be instituted" unless a claimant has "first presented the claim to the appropriate Federal agency" and received a final denial of that claim. See also 28 U.S.C. § 2401(b) (stating that an FTCA claim is "forever barred" unless presented in writing to the appropriate federal agency within two years of accrual).

Xiang Li, 2013 WL 4483078, at *2; see also Lepre, 2014 WL 3093658, at *7 ("[A]n FTCA claim must be filed with the court within six years of its accrual.  A plaintiff's FTCA claim accrues at the time of injury.") (citing Barrett v. United States, 689 F.2d 324, 327 (2d Cir. 1982)).

Any potential FTCA claim that calls into question his arrest, prosecution, incarceration, or sentencing would be barred by Heck unless and until plaintiff is able to demonstrate favorable termination.  The Heck applies to bar FTCA actions that imply the invalidity of a conviction.  As plaintiff appears to base any FTCA claims on his allegations that his arrest, prosecution, incarceration, and sentence, including his post-

release supervision, are based on racial bias and violate of his constitutional rights, these challenges can only be brought through a habeas corpus petition.[9]

Accordingly, it is recommended that any claim plaintiff may be seeking to raise against the United States under the FTCA be dismissed without prejudice and with opportunity to amend should plaintiff be able to demonstrate (1) that his conviction has been overturned or otherwise deemed invalidated by a court of law or an FTCA claim that does not call into question the validity of his conviction; (2) a claim against the United States that falls within the FTCA; and (3) proper exhaustion of his administrative remedies under the FTCA.

Next, plaintiff's claims against the State of New York for monetary damages are barred by the state's sovereign immunity. "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." Jackson v. Battaglia, 63 F. Supp. 2d 214, 219-20 (N.D.N.Y. 2014) (citation omitted). Plaintiff appears to seek to bring his claims against the State of New York for the alleged violations of his constitutional rights under section 1983.

> The Eleventh Amendment bars claims for money damages and injunctive or declaratory relief against a state or an arm of the state unless the state has specifically waived, or Congress has abrogated, its sovereign immunity. See Cory v. White, 457 U.S. 85, 90-91 (1982); Edelman v. Jordan, 415 U.S. 651, 667-69 (1974). New York State has not waived its sovereign immunity and Congress has not abrogated its sovereign immunity in § 1983 actions. See Jones v. N.Y. Div. of Military & Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1999).

---

[9]  As plaintiff has not actually set forth any clear FTCA claim, the undersigned cannot state with certainty that any FTCA claim plaintiff may raise would implicate Heck. Accordingly, the without prejudice dismissal recommendation takes into account the possibility that plaintiff may intend to raise an FTCA claim that would not call the validity of his conviction into question.

Ennis v. New York Dep't of Parole, No. 5:18-CV-00501 (GTS/TWD), 2018 WL 3869151, at *4 (N.D.N.Y. June 12, 2018), report and recommendation adopted, 2018 WL 3862683 (N.D.N.Y. Aug. 14, 2018).  Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). Instead, plaintiff must seek to sue a state official(s) in his or her individual capacity.  See Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988) (noting that a lawsuit against a state official in his official capacity is a suit against the entity employing the official).

Moreover, although the Eleventh Amendment "generally does not bar claims for prospective injunctive or declaratory relief" against individual officers sued in their individual capacities, plaintiff does not name any state officials as defendants in this action.[10]  Quern, 440 U.S. at 338.  However, even if plaintiff had named individual state officers in their individual capacities – which he has not – his claims for prospective injunctive relief would still fail.  As to his requested prospective injunctive relief, plaintiff appears to allege, generally, that terms of post-release supervision violate "due process" as post-release supervision can "extend" a sentence beyond its maximum term of imprisonment.  Compl. at 8.  However, as will be discussed below, infra at 16, his requested injunctive relief cannot be granted under section 1983 as claims regarding plaintiff's sentencing or post-release supervision term must instead be brought pursuant to a habeas corpus petition.  Accordingly, it is recommended that (1) any claims that can be interpreted as being raised against the State of New York under 42 U.S.C. § 1983 for monetary damages for alleged violations of plaintiff's constitutional rights be

---

[10]  Plaintiff is advised that personal involvement of the state official in the alleged violation of constitutional rights is a prerequisite to an award of damages under § 1983. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

dismissed due to the state's sovereign immunity under the Eleventh Amendment, and (2) any claims for injunctive relief relating to his term of post-release supervision be dismissed with prejudice as such relief must be sought pursuant to a habeas corpus petition and not pursuant to section 1983.

Even if sovereign immunity were not a bar to plaintiff's claims against the United States and/or federal agencies and the State of New York, plaintiff's claims also fail under Heck v Humphrey, 512 U.S. 477 (1994).  Plaintiff appears to allege that his sentence, and any period of post-release supervision, may be unconstitutional because it is a product of racial bias.  This claim is not appropriately brought through a section 1983 or Bivens case because a determination in plaintiff's favor regarding the constitutionality of plaintiff's criminal prosecution, conviction, or sentence would undermine the validity of his conviction; thus, it and is barred under Heck.  See Heck, 512 U.S. at 486-87.  Plaintiff cannot recover damages in a section 1983 action "for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he can demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id.  Plaintiff has not shown that his convictions have been overturned or otherwise resolved in his favor.[11]

---

[11] Although plaintiff attempts to couch his allegations in the complaint and causes of action as non-specific and applying to people of color as a whole, it appears that this may an attempt to find a loophole to avoid a Heck dismissal.  As already stated, plaintiff cannot bring claims on behalf of others.  Accordingly, plaintiff's generalized language does not alter the fact that such a claim is barred by Heck.

Insofar as plaintiff may be suggesting that post-release supervision violates his constitutional rights by extending the length of his sentence, "such a challenge can only be brought in federal court pursuant to a 28 U.S.C. § 2254 petition for a writ of habeas corpus, not through a § 1983 complaint."  Peoples v. Leon, No. 9:18-CV-1349 (LEK/DEP), 2019 WL 13158025, at *3 (N.D.N.Y. Feb. 19, 2019) (citing Hardy v. Fischer, 701 F. Supp. 2d 614, 621 (S.D.N.Y. 2010) ("[P]laintiffs must bring challenges to the validity or duration of their PRS sentences by seeking a writ of habeas corpus.")). Accordingly, all claims relating to the length of plaintiff's sentence or post-release supervision also must be dismissed as such claims can be reviewed only through a petition from habeas corpus.  See Peoples, 2019 WL 13158025, at *3.

Furthermore, to the extent plaintiff seeks to enjoin various unnamed law enforcement and/or government agencies from depriving people of their constitutional rights, plaintiff should "be cautioned that [he] would have to demonstrate that [he] has standing to seek such an injunction."  Jackson v. Exec. Off. of United States Att'ys, No. 07CIV6591 (RJH/DCF), 2009 WL 10677067, at *8 (S.D.N.Y. Feb. 2, 2009), report and recommendation adopted sub nom. Jackson v. Exec. Off. for United States Att'ys, No. 07 CIV. 6591, 2009 WL 10677136 (S.D.N.Y. Mar. 26, 2009), aff'd sub nom. Jackson v. Cnty. of Rockland, 450 F. App'x 15 (2d Cir. 2011) (noting that to demonstrate standing for such injunctive relief, the plaintiff would need to show that "there is a substantial likelihood that she, personally, is likely to be injured again by any allegedly unconstitutional law enforcement practices."),

Similarly, to the extent plaintiff argues, generally, that people of color are being arrested and incarcerated for drug and other crimes at a disproportionately higher rate

than white people, and seeks that the Court order that bias against people of color in arrest and sentencing cease and that the "13th amendment" be "revisited" is not relief this Court can award.  Initially, plaintiff fails to state how his constitutional rights were violated or specify the persons/entities involved in the deprivation of his constitutional rights.  Secondly, this Court does not direct legislative policy, such as sentencing reform; constitutional conventions; or control school funding. Such matters would appear more appropriate for elected officials. To the extent plaintiff may be suggesting that he is being subjected to "involuntary servitude"[12] in violation of the Thirteenth Amendment, such claim must fail because, in addition to being barred by <u>Heck</u>, such an allegation is frivolous.  The Thirteenth Amendment explicitly states, "Neither slavery nor involuntary servitude, except as a punishment for a crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. CONST. AMEND. XIII (emphasis added).  Plaintiff does not dispute that he is incarcerated following his conviction for a crime.  According to the New York State DOCCS "Incarcerated Lookup," plaintiff is incarcerated for Robbery in the First Degree. See DOCCS Incarcerated Lookup, available at https://nysdoccslookup.doccs.ny.gov/ (last visited Mar. 30, 2023).

Finally, the undersigned also must determine whether the recommendation is for dismissal with or without prejudice. When addressing a pro se complaint, a district court generally "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Shomo v. City of New York</u>, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation

---

[12]   To be clear, plaintiff makes no claim that he is being forced to work.  Instead, it appears that he may be suggesting that his involuntary incarceration is violative of the Thirteenth Amendment.

marks and citation omitted). However, the Court is not required to grant leave to amend when amendment would be futile. See Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000). In this case, because "[t]he problem[s] with [plaintiff's] causes of action [are] substantive[,] better pleading will not cure [them,]" and any attempt to amend would, therefore, be futile. Id.; see, e.g., Mahmood v. United States Gov't, No. 1:20-CV-207 (MAD/DJS), 2020 WL 3965125, at *2 (N.D.N.Y. Mar. 17, 2020) ("As such, his claims against the United States should be dismissed with prejudice."), report and recommendation adopted sub nom. Mahmood v. United States, No. 1:20-CV-207 (MAD/DJS), 2020 WL 1808206 (N.D.N.Y. Apr. 9, 2020); Praileau v. United States, No. 1:18-CV-1196 (MAD/DJS), 2018 WL 5811426, at *3 (N.D.N.Y. Nov. 6, 2018) (recommending the dismissal of claims against the United States and its agencies with prejudice because such claims were barred by sovereign immunity), report and recommendation adopted, No. 1:18-CV-1196 (MAD/DJS), 2019 WL 422528 (N.D.N.Y. Feb. 4, 2019); Moore v. Samuel S. Stratten Veterans Admin. Hosp., No. 1:16-CV-0475 (LEK/CFH), 2016 WL 3659909, at *1 (N.D.N.Y. June 30, 2016) (dismissing claims against agency of the United States with prejudice and without leave to amend).

Here, as plaintiff's potential section 1983 and Bivens claims are barred by sovereign immunity, Heck v. Humphrey, and, to the extent it relates to the length or constitutionality of his sentence or post-release supervision, must be brought as a habeas corpus petition, no change to his pleading will cure these particular bars. However, despite finding it unlikely that plaintiff can state a cognizable claim for relief relating to the claims he set forth in this action, recognizing that plaintiff is pro se, the

24

undersigned recommends providing plaintiff with one opportunity to amend to the extent he may able to state a cognizable claim for relief in an amended pleading.

## V.  **Conclusion**

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's IFP application, dkt. nos. 6, 7, is **GRANTED** for purposes of filing; and it is

**RECOMMENDED**, that plaintiff's complaint, dkt. no. 1, be **DISMISSED as follows:**

(1) claims for monetary relief against the State of New York for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983; and all claims against the United States, the Federal Bureau of Investigation ("FBI"), and the Central Intelligence Agency ("CIA") pursuant to Bivens be **DISMISSED WITH PREJUDICE**;

(2) potential claims pursuant to the First, Fifth and Eighth Amendment claims pursuant to Bivens against federal agents in their individual or official capacities be **DISMISSED WITH PREJUDICE**;

(3) potential claims against state officers in their individual capacities for monetary or injunctive relief or in their official capacities for prospective injunctive relief for violations of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 be **DISMISSED WITHOUT PREJUDICE**;

(4) claims relating to the length or constitutionality of plaintiff's sentence or post-release supervision be **DISMISSED WITH PREJUDICE** and without opportunity to amend in this action, but without prejudice to plaintiff bringing a habeas corpus proceeding if he is able to do so;[13]

---

[13]  The Court makes no comment as to whether plaintiff may properly proceed with a habeas corpus petition.

(5) constitutional claims against the United States pursuant to the Federal Tort Claims Act be **DISMISSED WITH PREJUDICE**;

(6) potential claims against the United States under the Federal Tort Claims Act, not arising from constitutional claims, be **DISMISSED WITHOUT PREJUDICE** and with opportunity to amend as specified herein;

(7) potential claims that allege that plaintiff's arrest, prosecution, incarceration, or sentencing was the product of racial bias, in violation of 42 U.S.C. § 1983, as stated against (a) the State of New York, for prospective, injunctive relief, and (b) potential claims against individual officers in their personal capacities for monetary or injunctive relief, which are barred by Heck v. Humphrey, be **DISMISSED WITHOUT PREJUDICE** and with opportunity to amend *only in the event that plaintiff can demonstrate that his conviction has been overturned or otherwise resolved in his favor*;

(8) plaintiff's apparent contention that unspecified defendants violated the Thirteenth Amendment and his request that the Court "revisit" the Thirteenth Amendment, either pursuant to section 1983 or Bivens, be **DISMISSED WITH PREJUDICE**;

(9) plaintiff's apparent request to proceed as a class action be **DISMISSED WITHOUT PREJUDICE**[14]; and it is further

**RECOMMENDED**, that if the District Judge permits plaintiff an opportunity to amend, plaintiff be given thirty (30) days from the filing date of the District Judge's Decision & Order to file an amended complaint,[15] and if plaintiff fails to file an amended complaint within that time period, the matter be closed without further order of the Court;

---

[14]  Dismissal without prejudice is recommended to account for the possibility that plaintiff could obtain counsel.

[15]  Plaintiff is advised that if the District Judge, following review of this Report-Recommendation & Order, permits plaintiff an opportunity to amend, plaintiff may proceed only on those claims that were not

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[16]

Dated: April 4, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

dismissed by this Court with prejudice.  Further, any amended complaint will supersede and replace the original complaint it its entirety.  Thus, plaintiff must replead any facts or claims he wishes to include and may not incorporate by reference any portion of the original complaint.

[16]   If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).