UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY COX,

                             **Plaintiff,**

    vs.                                                1:23-CV-00060
                                                                 (MAD/CFH)

NEW YORK STATE; UNITED STATES
OF AMERICA,

                             **Defendants.**
_____

APPEARANCES:

HENRY COX
08-B-1418
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On January 17, 2023, *pro se* Plaintiff Henry Cox commenced this action against the State of New York, in its "full capacity," and the United States of America, Federal Agencies, pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff alleges that "his arrest, prosecution, incarceration, and sentence—and the arrests, prosecutions, incarcerations, and sentences of people of color in general—violate his First, Fifth, Eighth, and Fourteenth Amendment rights." *Id.* at 5. Plaintiff subsequently moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. Magistrate Judge Christian F. Hummel conducted an initial review of the complaint and issued a Report-Recommendation and Order granting Plaintiff's IFP motion and recommending that Plaintiff's

1

complaint be dismissed for failure to state a cognizable claim with leave to amend. *See* Dkt. No. 9. Plaintiff subsequently filed timely objections to the Report-Recommendation and Order, as well as a proposed amended complaint. *See* Dkt. Nos. 10, 12.

For the below-stated reasons, the Court adopts the Report-Recommendation and Order in its entirety. Additionally, upon review, Plaintiff's proposed amended complaint fails to cure the deficiencies outlined in Magistrate Judge Hummel's Report-Recommendation and Order, and this action is dismissed with prejudice.

## II. BACKGROUND

For a complete recitation of relevant background as alleged in the initial complaint, the Court refers to Magistrate Judge Hummel's Report-Recommendation and Order. *See* Dkt. No. 9.

## III. DISCUSSION

**A.    Standard of Review**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specific proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1). However, when

a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Since Plaintiff is proceeding *pro se*, the Court must review his pleading under a more lenient standard than that applied to "'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quotation omitted).  The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.     Plaintiff's Objection and Proposed Amended Complaint**

In response to Magistrate Judge Hummel's Report-Recommendation and Order, Plaintiff filed timely objections in the manner directed by the Court.  *See* Dkt. No. 10.  However, following Magistrate Judge Hummel's Report-Recommendation and Order, Plaintiff also filed a proposed amended complaint.  *See* Dkt. No. 12.  While Plaintiff filed the proposed amended complaint prior to a final decision on the Report-Recommendation and Order, the Court has reviewed same and finds that Plaintiff's objections and amended complaint fail for all the same

reasons provided in Magistrate Judge Hummel's Report-Recommendation and Order. *See* Dkt. Nos. 9, 12.

Plaintiff's objections lack specificity and rather reaffirm the deficient arguments made in his original complaint. *See* Dkt. No. 10. Specifically, Plaintiff provides that his "objection stands against the entire order." *See id.* at 1. Further asserting that "a few of [his] arguments was [sic] misinterpreted" and urging the Court to "reread his argument." *See id.* Given the general and conclusory nature of these objections, the Court has reviewed the Report-Recommendation and Order for clear error and has found none. *O'Diah*, 2011 WL 933846, at *1 (citations and footnote omitted); *McAllan*, 517 F. Supp. 2d at 679.

Plaintiff's amended complaint proceeds in the same general and conclusory manner as his original complaint and objection, merely restating those same arguments upon which no cognizable claim can be asserted. *See* Dkt. Nos. 9, 10, 12. In this context, Plaintiff's proposed amended complaint makes virtually no attempt to replead his claims. *See* Dkt. No. 9. Rather than curing the deficiencies set out by Magistrate Judge Hummel in the Report-Recommendation and Order, Plaintiff insists in his objection that "[t]his can be challenged under 1983," and uses his proposed amended complaint to recite the same arguments asserted in his original complaint. *See* Dkt. No. 10, 12. Moreover, Plaintiff's proposed amended complaint fails for all the same reasons stated in Magistrate Judge Hummel's Report-Recommendation and Order and Plaintiff's claims are dismissed for failure to state a claim. *See* Dkt. No. 9.

Ordinarily, a court should not dismiss the complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, Plaintiff has already been given an opportunity to replead his claims and persists in his

4

mistaken belief that they may be brought under 42 U.S.C. § 1983.  *See* Dkt. Nos. 10, 12. Considering the Court reviewed those claims in Plaintiff's proposed amended complaint, even a liberal reading of Plaintiff's allegations fails to infer that a valid claim might be stated.  *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).  As such, Plaintiff's claims are dismissed without leave to amend.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter and the applicable law, and for the above-state reasons the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 2) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close the case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: October 18, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge